UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDWIN BONILLA,

            Plaintiff,

            v.

RED BEAN SYSTEM, INC., *et al.*,

            Defendants.

Civil Action No. 14-342 (BAH)

Judge Beryl A. Howell

## MEMORANDUM OPINION

The plaintiff, Edwin Bonilla, brings this suit as a proposed collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the District of Columbia Minimum Wage Act ("DCMWA"), D.C. Code §§ 32-1001 *et seq.*, alleging that the defendants, Red Bean System Inc. d/b/a Sala Thai, and Oy Changsirla (collectively, "the defendants") failed to pay him and other similarly situated employees the overtime to which they were statutorily required. *See generally* Compl., ECF No. 1. Pending before the Court is the defendants' partial motion to dismiss the collective action allegations in the plaintiff's Complaint. *See* Defs.' Mot. Dismiss Under FRCP 12(b)(6) ("Defs.' Mot.") at 1–2, ECF No. 6. For the reasons explained below, the defendants' motion is denied.

## I. BACKGROUND

The plaintiff alleges that he worked approximately sixty hours per week for the defendants as a "food preparer," yet he was paid $625 per week as a "salaried employee." Compl. ¶¶ 17–21. The plaintiff alleges that he was not compensated at all for his overtime hours and that the $625 was payment only for the first forty hours he worked each week. *See id.* ¶ 36.

The plaintiff brings the suit as a proposed collective action on behalf of all similarly situated employees. *See id.* ¶ 39. He describes the similarly situated employees ("the Proposed Collective") as follows:

> [A]ll current and former kitchen and food preparation employees of Defendants at all of Defendants' Sala Thai restaurants in the District of Columbia and Maryland during the period March 2011 through the present, who were suffered or permitted to work by Defendants and were subject to Defendants' policy not to properly compensate them at the premium rate of pay for hours over forty (40) per workweek.

*Id.* ¶ 39. The plaintiff avers that the Proposed Collective "consists of more than twenty (20) members who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA and DCMWA by, *inter alia*, willfully denying them overtime wages at the required FLSA and DCMWA rate." *Id.* ¶ 40. The plaintiff further states that the Proposed Collective "would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity [for the similarly situated employees] to join the present lawsuit." *Id.* ¶ 44. The plaintiff seeks all unpaid overtime wages, liquidated damages, and attorneys' fees. *Id.* ¶ 51. The plaintiff has not yet moved for conditional certification of the Proposed Collective.

The defendants filed an answer to the complaint and moved to dismiss the collective action allegations on May 21, 2014. *See* Defs.' Mot. at 1; Answer to Compl. at 1, ECF No. 5. The plaintiff filed a timely opposition, *see* Pl.'s Opp'n Defs.' Mot. ("Pl.'s Opp'n") at 1, ECF No. 8, and the defendants filed no reply. The Court scheduled a hearing on the defendants' motion for August 6, 2014.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant

2

fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted); FED. R. CIV. P. 8(a). A motion under Rule 12(b)(6) does not test a plaintiff's likelihood of success on the merits; rather, it tests whether a plaintiff properly has stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 814 (1982). Although "detailed factual allegations" are not required to withstand a Rule 12(b)(6) motion, a complaint must offer "more than labels and conclusions" to provide "grounds" for "entitle[ment] to relief." *Twombly*, 550 U.S. at 555 (alteration in original). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557) (alteration in original). The Supreme Court has stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## III.   DISCUSSION

The FLSA provides that "[a]n action to recover [unpaid overtime] . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). This statutory provision exempts FLSA collective action suits from the typical requirements of a class action under Federal Rule of Civil Procedure 23, namely, typicality, numerosity, commonality, and adequacy of representation. *See Encinas v. J.J. Drywall Corp.*, 265 F.R.D. 3, 6 (D.D.C. 2010); *Chase v. AIMCO Props., L.P.*, 374 F. Supp.

3

2d 196, 199–200 (D.D.C. 2005) (collecting cases); *see also Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 172 (1989) (noting that a district court's discretion over controlling procedures in FLSA collective action case is contained in FED. R. CIV. P. 83, since procedures in such cases are "not provided for by rule") (internal quotation mark omitted). Under the FLSA, "a collective action has only two threshold requirements: the plaintiff must show that [he] is similarly situated to the other members of the proposed class, and those other members must 'opt in' to the proposed class." *Hunter v. Sprint Corp.*, 346 F. Supp. 2d 113, 117 (D.D.C. 2004). In FLSA collective actions "potential class members must affirmatively joint ('opt in') the lawsuit." *Lindsay v. Gov't Emps. Ins. Co.*, 448 F.3d 416, 419 (D.C. Cir. 2006).

The defendants assert that the "Plaintiff[] fail[s] to reasonably and fairly articulate and allege any set of facts as to the essential and defining characteristics of any class of allegedly 'similarly situated' employees to whom the policies of Defendant(s) in denying overtime compensation may apply." Defs.' Br. Supp. Mot. Dismiss ("Defs.' Mem.") at 1–2, ECF No. 7. To bolster their argument, the defendants aver that the Proposed Collective could theoretically encompass "virtually every employee, engaged in both managerial, sales, as well as other jobs" and that many of those "would clearly be exempt employees, such as professional chefs who are within the cited group of 'Kitchen Help[.]'" *Id.* at 5–6. On its face, the defendants' argument is deficient, since the Proposed Collective would appear to exclude all "front-of-house" staff in the defendants' restaurants, such as servers and hosts. *See* Compl. ¶ 39 (limiting Proposed Collective to "kitchen and food preparation employees").

Moreover, a court typically considers a plaintiff's collective action allegations at the time the plaintiff moves to conditionally certify the collective or to involve the court in notifying potential collective members. *See, e.g.*, *Castillo v. P & R Enters., Inc.*, 517 F. Supp. 2d 440,

4

444–45 (D.D.C. 2007) (noting two-step procedure involving conditional certification of collective pre-discovery and potential decertification post-discovery). The defendants here rely on an unpublished, out of circuit magistrate judge's opinion for their contention that a collective action can be dismissed on 12(b)(6) grounds. *See* Defs.' Mem. at 4 (citing *Meggs v. Condotte Am., Inc.*, No. 12-20876 CIV, 2012 U.S. Dist. LEXIS 116326, at *8–9 (S.D. Fla. Aug. 17, 2012)).[1] Not only is that case not binding on this Court, it is also inapposite. In *Meggs*, the magistrate judge held that a motion to dismiss filed by the defendants was "premature at this stage" and found that the allegations in that complaint, namely, the type of worker, the employment dates, the employment locations, control by the defendants, and the lack of overtime pay, were sufficient to meet the plaintiff's burden under 12(b)(6). *See id.* at *9–10.

Assuming, *arguendo*, that it is appropriate to dismiss a proposed collective action solely based on the Complaint, the plaintiff has met his burden here. Indeed, the plaintiff must make only a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law," *Castillo*, 517 F. Supp. 2d. at 445 (quoting *Chase*, 374 F. Supp. 2d at 200) (internal quotation marks omitted), when seeking conditional certification. Here, on a motion to dismiss, when the Court must consider only whether the allegation is plausible, accepting the facts in the Complaint as true, the burden on the plaintiff necessarily is even lower. The plaintiff has met this low burden by identifying the Proposed Collective as consisting of (1) food prep and kitchen staff, (2) employed in the District of Columbia and Maryland, (3) between March 2011 and the present, (4) who were "suffered or permitted to work by Defendants," and (5) were not paid overtime wages as a result

---

[1] The defendants failed to offer a single citation to authority from the D.C. Circuit or the District of the District of Columbia. *See generally* Defs.' Mem. Instead, the defendants rely on Eleventh Circuit precedent—and cases from district courts bound by the Eleventh Circuit's rulings—almost exclusively. *See generally id.*

5

of the Defendants' policy. *See* Compl. ¶ 39. This is adequate at the motion to dismiss stage to identify who the similarly situated employees may be and why they are similarly situated.

The Court is not ruling today on conditional certification since there is no motion before it for such a ruling. The defendants are free to dispute any motion for conditional certification of the Proposed Collective at the appropriate time, but for the purposes of a motion to dismiss, the plaintiff has met his burden.

## IV. CONCLUSION

For the foregoing reasons, the defendants' Partial Motion to Dismiss is denied. The parties shall, by August 17, 2014, comply with the requirements of this Court's Standing Order ¶ 3, ECF No. 3, by filing jointly a Meet and Confer Report pursuant to Local Civil Rule 16.3(b).

An appropriate Order accompanies this Memorandum Opinion.


Date: August 1, 2014

_____
BERYL A. HOWELL
United States District Judge